Concurring Opinion by
RECKTENWALD, C.J.
I concur in the Majority’s opinion, but write separately to briefly address the issue of federal preemption. I agree with Majority’s holding that, pursuant to article 1, section 6 of the Hawaii Constitution, “the parties cannot use, or be compelled to produce, confidential patient medical records, even if sufficiently de-identified, in litigation where the patient is not a party, as no compelling state interest has been shown.”
However, for the reasons stated in my concurrence in Cohan v. Ayabe, 132 Hawai'i 408, 424-46, 322 P.3d 948, 964-66 (2014), I believe that HIPAA may preempt this holding to the extent that it prevents the disclosure of de-identified medical records. Put briefly, 45 C.F.R. § 160.203 provides that HIPAA standards and requirements preempt contrary provisions of state law, except when the state law is “more stringent” and relates to “the privacy of individually identifiable health information.” However, federal courts have determined that once medical records are de-identified pursuant to the requirements in 45 C.F.R. § 164,514, they are no longer considered “individually identifiable health information” and thus do not fall under the preemption exception in 45 C.F.R. § 160.203. See Nw. Mem’l Hosp. v. Ashcroft, 362 F.3d 923, 926 (2004) (“Provided that medical records are redacted in accordance with the redaction requirements (themselves quite stringent) of [45 C.F.R.] § 164.514(a), they would not contain ‘individually identifiable health information’ and the ‘more stringent’ clause would fall away.”); In re Zyprexa Prods. Liab. Litig., 254 F.R.D. 50, 54 (2008) (quoting same). HIPAA does not prevent the use and disclosure of de-identified medical records, and thus the portion of our holding that relates to de-identification may be preempted by C.F.R. § 160.203. See In re Zyprexa, 254 F.R.D. at 54 (HIPAA “makes clear that to the extent state privilege laws are more protective of de-identified health information than is HIPAA, those laws are preempted by HIPAA’s regulatory scheme.”).
Thus, while I agree with the Majority’s analysis of our state constitutional right to privacy, the application of the Majority opinion to the underlying appeal and to future cases may raise federal preemption issues.